**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Disability Alliance, and                                                   Civil No.: 15cv1491 (MJD/SER)
Zach Hillesheim,

                Plaintiffs,

v.                                                     **PRETRIAL SCHEDULING ORDER**

KAH 20 2nd Avenue LLC,
Kahler Hotels LLC,

                Defendants.

---

      Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy and inexpensive determination of this action, the following schedule shall govern these proceedings.  **The schedule may be modified only upon formal motion and a showing of good cause as required by Local Rule 16.3**.

**Pleadings and Disclosures**
**July 1, 2015**
      All pre-discovery disclosures required by Rule 26(a)(1), including production of documents, shall be completed on or before this date.

**September 1, 2015**
      All motions which seek to amend the pleadings to add parties and/or claims must be served and filed on or before this date, and shall include a redlined version reflecting the changes contained in the proposed amended pleading.  This deadline does not apply to motions which seek to amend the complaint to add a claim for punitive damages.  Such motions must be brought on or before the non-dispositive motion deadline.

**Discovery and Nondispositive Motions**
**November 1, 2015**
      All fact discovery any kind shall be commenced in time to be completed by this date.

**November 1, 2015**
      Plaintiffs' identity of any expert and their written reports completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) who may testify at trial regarding issues on which the party has the burden of persuasion must be disclosed and served on or before this date.

**December 1, 2015**
      Defendants' identity of any expert and their written reports completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) who may testify at trial regarding issues on which the party has the burden of persuasion must be disclosed and served on or before this date.

**January 1, 2016**
      Plaintiffs' identity and written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) of any rebuttal expert witness must be disclosed and served on or before this date.

**February 1, 2016**
      Defendants' identity and written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) of any rebuttal expert witness must be disclosed and served on or before this date.

**March 1, 2016**
      All expert discovery, including expert depositions must be completed by this date.

**April 1, 2016**
      All non-dispositive motions and supporting pleadings (notice of motion, motion, affidavits, exhibits, memorandum of law, and proposed order), including those which relate to fact and expert discovery and any request for extension of this Pretrial Scheduling Order, shall be served, filed and **HEARD** by this date. Prior to scheduling any non-dispositive motion and following the conference required by Fed. R. Civ. P. 37(a)(1) and L.R. 37.1, the parties are encouraged to consider whether the motion, including motions relating to discovery and scheduling, can be informally resolved through a telephone conference with the Magistrate Judge.[1] To the extent that any non-dispositive motion is to be filed, such motion shall be scheduled for hearing by calling Melissa Erstad, Calendar Clerk to Magistrate Judge Steven E. Rau, (651) 848-1620. A Reply Memorandum not exceeding 1750 words (including footnotes)

---

[1] At the Rule 16 Scheduling Conference, the Court advised the parties that it is willing to resolve nondispositive disputes between the parties on an informal basis via a telephone conference. However, before the Court will agree to proceed with this informal resolution mechanism, the "meet and confer" required by Fed. R. Civ. P. 37(a)(1) and L.R. 37.1 must have taken place, and all parties to the dispute must <u>agree</u> to use this informal resolution process as the very nature of the process is such that the parties are giving up rights they would otherwise have (<u>e.g.</u> the dispute is heard over the phone; there is no recording or transcript of the phone conversation; no briefs, declarations or sworn affidavits are filed). If the parties do <u>agree</u> to use this informal resolution process, one of the parties shall contact Calendar Clerk Melissa Erstad, 651-848-1620, to schedule the conference. The parties <u>may</u> (but are not required to do so) submit <u>short</u> letters, with or without a limited number of documents attached, prior to the conference to set forth their respective positions. The Court will read the written submissions of the parties before the phone <u>conference, hear arguments of counsel at the conference, and if no one changes their decision during the</u> phone conference regarding their willingness to participate in this informal resolution process, the Court will issue its decision at the conclusion of the phone conference or shortly after the conference. Depending on the nature of the dispute, the Court may or may not issue a written order. If there is no agreement to resolve a dispute through this informal resolution process, then the dispute must be presented to the Court via formal motion and hearing.

may be filed and delivered to opposing counsel and the chambers of this Court no later than 12:00 noon two business days preceding the hearing, so long as the total word count for the original and reply memorandum does not exceed 12,000 words. All non-dispositive motions shall be scheduled, filed and served in compliance with the Electronic Case Filing Procedures for the District of Minnesota and in compliance with Local Rules 7.1, 37.1 and 37.2 as modified as follows: When a submission is filed on ECF, two paper hard copies, of the entire submission shall be mailed or delivered to the undersigned in an envelope addressed to Melissa Erstad, Calendar Clerk, contemporaneously with the submission being posted on ECF. In addition, with respect to any submission filed with the Court which is sealed and posted on ECF with a placeholder, the sealed submission shall be sent electronically or hand delivered to all parties and the Court contemporaneously with the documents being posted on ECF.

**Dispositive Motions and Trial**
**May 1, 2016**

All dispositive motions shall be filed by the moving party by this date. All dispositive motions shall be scheduled, filed and served in compliance with the Electronic Case Filing procedures for the District of Minnesota and in compliance with Local Rule 7.1. Counsel shall schedule the hearing by calling Kristine Wegner, Calendar Clerk for Chief Judge Michael J. Davis at 612-664-5073.

When a motion, response or reply brief is filed on ECF, two paper courtesy copies of the pleading and all supporting documents shall be mailed or delivered to Calendar Clerk Kristine Wegner, 612-644-5073 contemporaneously with the documents being posted on ECF. If the moving papers are more than one inch combined, the papers should be provided in a tabbed, 3 ring notebook.

Notwithstanding the foregoing, no party shall bring a dispositive motion while discovery is ongoing without first obtaining permission from the undersigned. Permission shall be sought by electronically filing a letter of no more than three (3) pages briefly setting forth the basis for the motion, whether discovery relating to the issue or issues to be addressed by the motion is complete, and why judicial efficiency would be served by allowing the motion to proceed at this time. The other party or parties may file brief letters in support of or in response to the request. Denial of a request for permission to file an interim dispositive motion shall not be taken as an indication of the Court's view about the merits of the proposed motion.

**September 1, 2016**

This case shall be ready for a **JURY** trial on or before this date.

**General**

No more than 5 factual depositions shall be taken per side.

No more than 25 interrogatories (including all subparts) shall be served by one party on another party.

No more than 25 document requests (including all subparts) shall be served by one party on another party.

No more than 10 requests for admission (including all subparts) shall be served by one party on another party.

No more than 3 expert depositions shall be taken per party.

No more than 3 expert witnesses will testify at trial per party.

**Confidential Materials and Handling of Sealed Documents Filed in Connection with All Motions**

If Confidential Materials (including portions of deposition transcripts) or information derived therefrom are to be included in any papers to be filed in the court, such papers shall be labeled "Confidential," filed under seal, and kept under seal until further Order of the court. Such filings shall be in compliance with the Electronic Case Filing Procedures for the District of Minnesota and the Court's governing pretrial scheduling order addressing the service and delivery of Confidential Materials on a party opponent and the Court.

**The parties understand that designation by a party of material as Confidential Materials pursuant to this Order cannot be used as the sole basis for filing material under seal in connection with any motion. Only those portions of a party's submission which otherwise meet the requirements of protection from public filing under the attorney-client privilege, work product doctrine, or the standards articulated in Fed. R. Civ. P 26(c)(1) shall be filed under seal. Prior to disclosure of materials or information designated "Confidential" at a trial or hearing, the parties may seek further protection against public disclosure from the Court.**

Dated:  May 13, 2015                                         *s/Steven E Rau*
                                                             Steven E. Rau
                                                             U.S. Magistrate Judge